IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| REVEREND JASON HANLEY and REVEREND HEIDI LEPP, | Case No. 25-cv-00212-DKW-KJM |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANTS JOSH GREEN AND ANNE LOPEZ'S MOTION TO DISMISS** |
| v. | |
| FRANK PACE, *et al.*, | |
| Defendants. | |

On May 22, 2025, Plaintiffs Reverend Jason Hanley and Reverend Heidi Lepp, proceeding without counsel, initiated this proceeding with the filing of a Complaint against Defendants Frank Pace, as "Homeland Security Administrator" for the State of Hawai'i, Isra Harahap, as "Acting Unit Chief" for the U.S. Department of Homeland Security, Josh Green, as Governor of Hawai'i, Anne Lopez, as the Attorney General of Hawai'i, the "Office of Homeland Security", and "John Does 1-10" (collectively, Defendants).   Dkt. No. 1.   The Complaint asserts nine causes of action arising out of an alleged "coordinated raid" on "Care Waialua"—a "religious and medical cannabis ministry" founded by Hanley.

Defendants Green and Lopez (together, the Moving Defendants) move to dismiss all claims in the Complaint with prejudice, raising a number of challenges. Dkt. No. 12.   Upon review of all the briefing filed in connection with the motion to

dismiss, it is necessary to address only one of the Moving Defendants' challenges because it is a foundational deficiency present in all of the claims.   Specifically, the Complaint is notable for what it omits—any *factual* allegations of *specific* conduct or actions by the Defendants, and, in particular, by the Moving Defendants, that violated Plaintiffs' rights.   Without such allegations, none of Plaintiffs' claims state a valid claim under applicable legal standards.   Therefore, all claims must be dismissed for failure to state a claim.   Nonetheless, at this initial stage of the case and because Plaintiffs are proceeding without counsel, the Court will allow leave to amend so that they may attempt to correct the deficiencies identified herein.   As a result, and for the reasons more fully set forth below, the motion to dismiss is GRANTED IN PART.

## BACKGROUND

### I.    The Complaint

Liberally construing the pro se Complaint, Plaintiffs allege the following. On October 25, 2023, "agents" from "the Department of Homeland Security [ ], Hawaii State Department of Public Safety, and Honolulu Police Department" "raid[ed]" Care Waialua and "seiz[ed]" 810 pounds of "sacramental" cannabis, which is alleged to have value in excess of $5 million, various religious "artifacts", and the "HIPAA-protected medical records of 980 patients."   Compl. at 2, 7, Dkt.

No. 1.[1]   It is alleged that the "raid", although authorized by a U.S. Magistrate Judge, lacked probable cause, "disrupted" religious ceremonies, caused property damage, "desecrated" an altar and garden, and "aligns with a California blueprint of militarized cannabis enforcement…." *Id*. at 7-8.   Further, the Complaint alleges that Hanley signed a "consent to forfeiture … under duress", the "raid … triggered social media attacks and death threats against Plaintiffs", the "raid risks double jeopardy for Plaintiffs", and Defendants "refused" to return Plaintiffs' property despite demand.   *Id*.

Based upon these allegations, the Complaint purports to assert the following nine causes of action: (1) Defendants' violation of the Religious Freedom Restoration Act (RFRA) for "substantially burden[ing]" Plaintiffs' religion; (2) John Does 1-10's unlawful seizure of Plaintiffs' property in violation of the Fourth Amendment; (3) Defendants' deprivation of Plaintiffs' property without due process in violation of the Fifth and Fourteenth Amendments; (4) Defendants' "target[ing]" of Plaintiffs religion in violation of the First Amendment; (5) Defendants' violation of the Health Insurance Portability and Accountability Act (HIPAA) in seizing the medical records of 980 patients "without a special master"; (6) Defendants' violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act "through coordinated raids and forfeiture kickbacks"; (7) intentional infliction of

---

[1]Because the paragraphs of the Complaint are not numbered sequentially, the Court cites to page numbers in the bottom right-corner of the document instead.

emotional distress (IIED) under Hawaiʻi law caused by "Defendants' outrageous conduct"; (8) the Moving Defendants' violation of *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978) and 42 U.S.C. Section 1983 in "fail[ing] to supervise" and showing "deliberate indifference"; and (9) Defendants "subject[ing]" Plaintiffs to "multiple punishments for sacramental cannabis use[]" in violation of the Fifth Amendment's Double Jeopardy Clause.

## II.    **The Motion to Dismiss**

The Moving Defendants seek dismissal of all claims on various grounds. Dkt. No. 12.[2]   First, they argue that the Eleventh Amendment bars all claims brought against them in their capacities as officials of the State of Hawaiʻi.   Second, they argue that the claim under RFRA fails because said statute does not apply to State actors.   Third, they argue that the First Amendment claim fails because the seizure of cannabis from Care Waialua was pursuant to a "neutral law of general applicability…."   Fourth, they argue that any claims under Section 1983 fail because Plaintiffs have failed to allege the "personal participation" of the named Defendants.   Fifth, they argue that the Fourth Amendment claim fails because the seizure of Plaintiffs' property was reasonable and pursuant to a warrant.   Sixth, they argue that the Due Process claim fails because Plaintiffs had "no right to possess 810

---

[2]The Court notes that, as of the date of this Order, there is no indication on the docket that Defendants Pace, Harahap, and the "Office of Homeland Security" have been served with the pleadings, despite the issuance of summonses.   The Moving Defendants are, thus, the only Defendants to have appeared and responded in this action.

4

pounds of cannabis."   Seventh, they argue that the claim under HIPAA fails because said statute does not create a private right of action.   Eighth, they argue that the claim under RICO fails because Plaintiffs fail to allege any of the required elements, such as the existence of an "enterprise".   Ninth, they argue that the IIED claim fails because Plaintiffs fail to allege any "outrageous" conduct on the part of the Moving Defendants.   Tenth, they argue that the Double Jeopardy claim fails because Plaintiffs fail to allege a "second prosecution for the same offense," as required.   Finally, the Moving Defendants argue that amendment of the Complaint would be "futile" and, thus, leave to amend should not be permitted.

Plaintiffs filed two substantively identical oppositions[3]—which the Moving Defendants appear to have been afforded an opportunity to review prior to filing their reply.   *See* Dkt. Nos. 14-2, 15-16.   The Court, therefore, accepts Plaintiffs' opposition, Dkt. No. 15, in considering the motion to dismiss.   Plaintiffs argue that the Moving Defendants are not protected by "legislative immunity" and the Complaint states a "plausible claim for relief" under applicable legal standards. More particularly, Plaintiffs argue that the Complaint "explicitly connects" the Moving Defendants to the events that occurred on October 25, 2023 at Care Waialua by alleging their "supervisory authority over enforcement agencies" and their

---

[3]The only discernible difference in the two documents is that the latter one does not contain the signature of Plaintiff Lepp, while the former does.   *Compare* Dkt. No. 15 at 11-12; *with* Dkt. No. 16 at 11.   While it makes no meaningful difference, the Court, therefore, cites herein to the apparently complete opposition, Dkt. No. 15.

"deliberate indifference and ongoing failure to intervene…." Plaintiffs also request leave to amend, should any deficiency be found in their claims.

As mentioned, the Moving Defendants have filed a reply in support of the motion to dismiss. Dkt. No. 14. Thereafter, Plaintiffs filed a motion to "supplement the record in support of opposition to motion to dismiss", which the Court granted to the extent that Plaintiffs' supplemental material has been considered. Dkt. Nos. 17, 22. In the motion to supplement, Plaintiffs argue that, in addition to the legal violations alleged in the Complaint, Defendants' conduct also violates numerous "Executive Orders" and "Department of Justice policy memoranda…." Dkt. No. 17 at 3-4. Attached to the motion to supplement are declarations from Plaintiffs, an unsigned and undated "memorandum" purportedly from the U.S. Attorney General, and a July 1, 2025 letter from, *inter alia*, Plaintiffs to the U.S. President. Dkt. Nos. 17-2 to 17-5. In his declaration, Hanley states that, on four occasions between September 2017 and January 2023, "Narcotics Enforcement Division" officers either attempted to enter or entered Hanley's "farm", disrupting religious services. Dkt. No. 17-2. In her declaration, Lepp states that she timely mailed a copy of Plaintiffs' opposition to the Court, she and Hanley are "united in formal religious leadership" of "Sugarleaf Church and Care Waialua", she has "endured over 20 government raids", and harm to her "congregation is a direct harm to me personally." Dkt. No. 17-3.

6

With briefing complete, this Order now follows.

## <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).  *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires."   Fed.R.Civ.P. 15(a)(2).   Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency.   *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

As described above, the Moving Defendants seek dismissal of all claims on various grounds.   Based upon the Court's review of the record, one of those grounds is the most appropriate to follow at this juncture in light of Plaintiffs' pro se status.   Specifically, the need for Plaintiffs to comply with the basic pleading standards required in federal court.   Put simply, as explained more fully below, the Complaint is in need of a pleading reset.

Initially, it is helpful to assess the general factual allegations in the Complaint concerning the October 2023 incident, before turning to specific claims.   With respect to the Moving Defendants, and, for that matter, all named Defendants, not one factual allegation about the October 2023 incident is asserted specifically against them.   Instead, as Plaintiffs do throughout the Complaint, the majority of the factual allegations are asserted against "Defendants", without any attempt to

8

indicate which specific Defendant or Defendants are involved.   Moreover, given that Plaintiffs acknowledge that the Moving Defendants are the Governor and Attorney General of Hawaiʻi, it simply cannot be presumed that they were involved, directly or not, in such things as "raid[ing]" Care Waialua, seizing hundreds of pounds of cannabis, or "desecrate[ing]" Hanley's property.   In this light, it cannot be said that any of the factual allegations of the Complaint are directed toward the Moving Defendants or any of the named Defendants.

Regarding the specific claims, only one is directed toward the Moving Defendants—the claim under *Monell* for "failure to supervise[.]"   As an initial matter, *Monell* is an avenue that may be pursued against *local* government units, something which the Moving Defendants are not.   *See Monell*, 436 U.S. at 690. Further, even if the claim is liberally construed as brought solely under Section 1983, and putting aside for now the defenses raised in the motion to dismiss, the claim is still inadequately pled to an extreme degree.   Specifically, the only allegation is that the Moving Defendants "showed deliberate indifference[.]"   There is nothing else to this claim.   The assertion of "deliberate indifference", however, is rank legal conclusion; not alleged factual content, as required.[4]   The same is true of

---

[4]Moreover, it is a legal conclusion derived from *Monell* and its progeny, *see City of Canton v. v. Harris*, 489 U.S. 378, 388 (1989) (holding that a municipality can be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants), which, as mentioned, is irrelevant to the Moving Defendants.
[5]Plaintiffs are wrong to suggest, therefore, that the Complaint "connects" the Moving Defendants to wrongdoing through these legal conclusions.   *See* Dkt. No. 15 at 9.

"failure to supervise" when there is not a single *factual* allegation of how the Moving Defendants supervised any particular individual, much less how that supervision allegedly led to a deprivation of constitutional dimension.   In this light, because conclusory language is the only language of this claim, it must be dismissed.   *See Iqbal*, 556 U.S. at 678.

As for the remaining claims, none are specifically alleged against the Moving Defendants or, for that matter, any named Defendant.   Instead, as with the factual allegations discussed above, Plaintiffs assert all but one of the remaining claims against "Defendants" generally.[6]   Again, however, the Court cannot simply presume that the claims are meant to be asserted against the Moving Defendants or any other named Defendant.   For example, the Complaint asserts that "Defendants" deprived Plaintiffs of property in violation of due process.   There are no *factual* allegations in the Complaint, though, that any named Defendant did any such thing. The same is true for all of the other claims, including contentions that Plaintiffs' religious practices were "targeted", medical records were seized, and raids were coordinated in a "pattern of racketeering".   Because there are no factual allegations in the Complaint supporting any named Defendant's involvement, directly or otherwise, in these claims, they must be dismissed for failure to state a claim.

---

[6]The exception is the Fourth Amendment claim for unlawful seizure, which is asserted against John Does 1-10 alone.

The only remaining question is whether Plaintiffs should be permitted leave to amend.   Under the circumstances here, it is a close call.   On one hand, although this Court has not previously identified deficiencies in the Complaint, the Moving Defendants did so through the motion to dismiss.   In response, rather than acknowledging the deficiencies or indicating a path forward that might ameliorate the same, Plaintiffs double-down, insisting that legal conclusions suffice to state a claim.   In other words, Plaintiffs have not shown that amendment would be anything other than futile.   On the other hand, however, is Plaintiffs' pro se status, Plaintiffs' request for leave to amend, and, perhaps, Plaintiffs' inability to grasp federal court pleading standards without instruction from this Court.   On balance, the Court finds leave to amend to be appropriate to the extent set forth below.

As discussed, the problem with the Complaint is the lack of any *factual* allegations against any of the named Defendants.   Instead, a fair reading of the Complaint could suggest that the named Defendants have nothing to do with the alleged October 2023 incident.   Whether that is the case or not, should Plaintiffs choose to file an amended complaint and continue to pursue claims against the Defendants named in the original Complaint, they <u>must</u> allege specific factual content committed by a specific Defendant that led to an injury suffered by one or more of the Plaintiffs.   General allegations will not suffice.   To be clear, **for each claim**, Plaintiffs must write short, plain statements of: (1) the legal right they believe

11

was violated; (2) the name of the specific defendant(s) who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of the legal right; and (5) what specific injury each Plaintiff suffered because of the defendant's or defendants' conduct. **Plaintiffs must repeat this process for each right and each person or entity named as a defendant.** If Plaintiffs fail to affirmatively link the conduct of each defendant with the specific injury suffered, the pertinent claim will be dismissed for failure to state a claim.

In addition, Plaintiffs may not incorporate any part of the Complaint, their supplemental material, or other briefing in this case in any amended complaint. Instead, the amended complaint must stand alone; in other words, if filed, it must contain all factual allegations and claims upon which Plaintiffs wish to rely. Therefore, to the extent any claims from the Complaint are not re-alleged in any amended complaint, those claims will be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

## <u>CONCLUSION</u>

For the reasons stated herein, the motion to dismiss, Dkt. No. 12, is

GRANTED IN PART.[7]   Plaintiffs may have until **August 1, 2025** to file an

amended complaint to the extent permitted herein.   Should Plaintiffs not file a

timely amended complaint, this action will be dismissed.

IT IS SO ORDERED.

Dated: July 18, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[7]If Plaintiffs file an amended complaint that names the Moving Defendants, the Moving
Defendants may raise any defense or argument raised in the motion to dismiss but not addressed
herein.