IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| REVEREND JASON HANLEY and REVEREND HEIDI LEPP,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK PACE, *et al.*,<br><br>Defendants. | Case No. 25-cv-00212-DKW-KJM<br><br>**ORDER (1) GRANTING DEFENDANTS JOSH GREEN AND ANNE LOPEZ'S MOTION TO DISMISS, AND (2) REFERRING FAILURE TO SERVE TO U.S. MAGISTRATE JUDGE** |

On July 18, 2025, the Court dismissed Plaintiffs, Reverends Jason Hanley and Heidi Lepp's, claims against Defendants Josh Green and Anne Lopez (collectively, the Moving Defendants) principally because none of the factual allegations in the 12-page Complaint could be construed as being directed toward the Moving Defendants. Dkt. No. 28. The Court nonetheless permitted leave to amend to attempt to remedy this omission.

On July 31, 2025, Plaintiffs filed a 46-page Amended Complaint against Frank Pace, as "Homeland Security Administrator" for the State of Hawaiʻi, Isra Harahap, as "Acting Unit Chief" for the U.S. Department of Homeland Security, Josh Green, as Governor of Hawaiʻi, Anne Lopez, as the Attorney General of Hawaiʻi, the "Office of Homeland Security", and "John Does 1-100" (collectively,

Defendants). Dkt. No. 29. In response, the Moving Defendants—the only Defendants served to date—have again moved to dismiss. Dkt. No. 30.

For the reasons set forth below, which are essentially identical to the reasons set forth in the July 18, 2025 Order, the Court agrees that the Amended Complaint fails to state any actionable claim against the Moving Defendants. In particular, despite the substantial increase in the pleadings' page-length, there has been no increase in or addition of facts indicating that the Moving Defendants engaged in any of the conduct of which Plaintiffs complain—namely, a "raid" on a "religious and medical cannabis ministry" operated by Plaintiffs, which resulted in the seizure of approximately 810 lbs. of marijuana. Moreover, because Plaintiffs have been given multiple opportunities, through both this Court's instructions and the arguments raised in the motions to dismiss—to understand and correct their pleadings' deficiencies and have been unable to do so, the Court finds that further leave to amend the claims against the Moving Defendants would be futile. Therefore, with respect to the Moving Defendants, dismissal is with prejudice and without leave to amend.

Finally, although this case was initiated on May 22, 2025, the record reflects service of the summons and operative pleading only on the Moving Defendants, even though other defendants are named in both the Complaint and the Amended Complaint. Because service is now untimely under Federal Rule of Civil

Procedure 4(m), the Court refers the failure to serve these other defendants to the assigned U.S. Magistrate Judge for further action.

## RELEVANT BACKGROUND

### I. The July 18, 2025 Order[1]

On July 18, 2025, the Court granted in part the Moving Defendants' motion to dismiss the Complaint. Dkt. No. 28. The Court did so because the Complaint failed to connect any pertinent factual allegations to a specific defendant and, in particular, the Moving Defendants. The Court further explained that, although Plaintiffs appeared to principally rely upon the U.S. Supreme Court's decision in *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978), as the basis for the Moving Defendants' purported liability, *Monell* could not be used against the Moving Defendants. The Court, however, allowed Plaintiffs leave to amend the Complaint. In doing so, the Court explained, among other things, that Plaintiffs must allege specific factual content committed by a specific defendant in order to avoid dismissal of any amended claims.

### II. The Amended Complaint

On July 31, 2025, Plaintiffs filed an Amended Complaint. Liberally construing the pro se Amended Complaint, Plaintiffs allege the following.

---

[1] The Court assumes the reader's familiarity with the background of this case prior to the July 18, 2025 Order. *See* Dkt. No. 28 at 2-6.

On October 25, 2023, "heavily armed agents" from numerous federal, state, and municipal law enforcement entities "raid[ed]" Care Waialua, "seiz[ing]" 810 pounds of "sacramental cannabis", religious artifacts, and "patient medical records." Dkt. No. 29 at 6.[2]  According to Plaintiffs, the October 25, 2023 "raid" was the latest in "a longstanding pattern of harassment and unauthorized law enforcement activity targeting Care Waialua," with "at least four" other encounters with law enforcement occurring between September 2017 and January 2023.  *Id*. at 4-5.

Plaintiffs further allege that Defendant Harahap, as the "acting unit chief of the U.S. Department of Homeland Security," "personally authorized, planned, and oversaw the direct deployment of federal agents and expenditure of federal funds" for the October 25, 2023 "raid".  *Id*. at 6.  Defendant Pace, as the "Homeland Security Administrator for the State of Hawaiʻi," "directly authorized, coordinated, and directed the participation of State of Hawaiʻi Department of Public Safety (DPS) personnel and resources" on October 25, 2023.  *Id*. at 9.  Meanwhile, Defendant Lopez, as the "chief legal officer for the State of Hawaiʻi," "was directly responsible for ensuring state compliance with federal laws…" and "deliberately failed to intervene to prevent the unconstitutional use of both state and federally subsidized law enforcement resources" on October 25, 2023.  *Id*. at 10.  For his part, Defendant Green, as the "Governor" of the State of Hawaiʻi, "was constitutionally

---

[2]Because the paragraphs of the Amended Complaint are not numbered sequentially, the Court cites to page numbers in the bottom right-corner of the document instead.

and statutorily obligated to ensure that executive branch agencies under his control … operate in accordance with constitutional rights[,]" something which Plaintiffs allege Green failed to do. *Id*. at 17.

Based upon these allegations, the Complaint purports to assert the following nine causes of action: (1) violation of the Free Exercise Clause of the First Amendment against all Defendants for "substantially burden[ing]" Plaintiffs' religion by "executing a militarized raid on Care Waialua"; (2) violation of the Search and Seizure Clause of the Fourth Amendment against all Defendants for "subject[ing] Plaintiffs to searches and seizures on October 25, 2023"; (3) violation of the Due Process Clause of the Fifth Amendment against all Defendants for "depriv[ing] Plaintiffs of their property, including sacramental cannabis, religious artifacts, and medical records, without due process of law"; (4) violation of the Due Process Clause of the Fourteenth Amendment against all Defendants for "violat[ing] Plaintiffs' and Care Waialua patients' right to privacy" in their "private medical records"; (5) violation of the Religious Freedom Restoration Act (RFRA) against Defendant Harahap "and associated federal agents" for "substantially burden[ing] Plaintiffs' exercise of religion by authorizing or participating in the October 25, 2023[] operation"; (6) violation of 42 U.S.C. Section 1983 against "State Defendants", who Plaintiffs appear to identify as the "Office of Homeland Security", Green, and Lopez, for "systematically depriving Plaintiffs of their

constitutional rights"; (7) intentional infliction of emotional distress (IIED) against all Defendants for causing "severe emotional distress to Plaintiffs"; (8) violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act against all Defendants for engaging in a "pattern of racketeering activity", including "unlawful seizures of medical cannabis", "fabrication of probable cause", and "mail and wire fraud"; and (9) violation of the Double Jeopardy Clause of the Fifth Amendment related to a "pattern" of "repeated raids, seizures, and coerced forfeitures".[3]

Plaintiffs seek, among other things, declaratory and injunctive relief, the return of seized property, the appointment of a "special master" to oversee the return of medical records, compensatory damages in the approximate amount of $56 million, punitive and treble damages, and "restitution" for "980 patients whose HIPAA-protected medical records were unlawfully seized[.]" *Id*. at 43-46.

### III.  The Motion to Dismiss

The Moving Defendants seek dismissal with prejudice of all claims on numerous grounds.  Dkt. No. 30.  First, they argue that Plaintiffs lack standing to pursue injunctive relief.  Second, they argue that Plaintiff Lepp lacks standing to pursue *any* relief in this action.  Third, they argue that the Eleventh Amendment bars Plaintiffs' claims seeking "retrospective relief" against them in their capacities

---

[3] With respect to the ninth claim, unlike the other claims in the Amended Complaint, Plaintiffs do not clearly allege against whom the claim is asserted.  *See* Dkt. No. 29 at 37-43.  The Court thus presumes it is asserted against all Defendants.

as officials of the State of Hawaiʻi. Fourth, they argue that the Amended Complaint fails to satisfy the instructions in the July 18, 2025 Order. Fifth, they argue that any claims brought under Section 1983 fail to allege their "personal participation" in any constitutional violation. Sixth, they argue that the First Amendment claim fails because the seizure of cannabis from Care Waialua was pursuant to drug laws of "general applicability". Seventh, they argue that the Fourth Amendment claim fails because the seizure of Plaintiffs' property was reasonable and pursuant to a warrant. Eighth, they argue that the Due Process claim fails because Plaintiffs had "no right to possess 810 pounds of cannabis." Ninth, they argue that the Fourteenth Amendment claim fails because Plaintiffs lack standing to assert the privacy interests of their alleged patients. Tenth, they argue that the IIED claim fails because Plaintiffs fail to allege "outrageous" conduct occurred during the October 25, 2023 incident. Eleventh, they argue that the claim under RICO fails because Plaintiffs fail to allege the existence of an "enterprise" or any "predicate acts[]" of racketeering. Twelfth, they argue that the Double Jeopardy claim fails because Plaintiffs fail to allege they are being prosecuted "a second time for the same offense[,]" as required. Finally, the Moving Defendants assert that amendment of the Amended Complaint would be "futile" and, thus, dismissal should be with prejudice.

A hearing on the motion to dismiss was scheduled for September 19, 2025, Dkt. No. 32, meaning that, pursuant to Local Rule 7.2, Plaintiffs' response was due on or before August 29, 2025. Plaintiffs did not file a response by that date, and the September 19, 2025 hearing was subsequently vacated. Dkt. No. 36. However, on September 8 and 9, 2025, Plaintiffs filed, respectively, a late response to the motion to dismiss and a motion for leave to file the response out of time. Dkt. Nos. 37-38. In light of the representations in the latter motion, the Court granted the same, thereby treating the response as timely filed, while also permitting the Moving Defendants an opportunity to file a reply. Dkt. No. 40.

In their response, Plaintiffs make multiple arguments. First, they assert that standing exists, as they have suffered "ongoing injuries" related to the October 25, 2023 raid. Dkt. No. 37 at 3. Second, Plaintiffs argue that the Moving Defendants "supervise Hawaiʻi's enforcement apparatus and ratified or failed to prevent the Care Waialua raid…." *Id*. at 5. Third, they contend that, because "federal enforcement" has burdened their "sincere religious exercise", "strict scrutiny" is required. *Id*. at 7. Fourth, Plaintiffs assert that the Eleventh Amendment does not bar their claims because they seek "prospective relief" in the form of injunctions against "future raids" and the "restor[ation]" of religious property. *Id*. at 8. Fifth, they argue that the Moving Defendants "bear ultimate supervisory responsibility for state enforcement actions", making them liable under Section 1983 pursuant to

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). *Id*. at 9-10. Sixth, Plaintiffs dispute that their First Amendment, Due Process, IIED, RICO, and Double Jeopardy claims fail under Federal Rule of Civil Procedure 12(b)(6). *Id*. at 10-14. And seventh, Plaintiffs request leave to amend, should any deficiency be found in their claims. *Id*. at 15.

On September 18, 2025, the Moving Defendants filed a reply. Dkt. No. 41. With briefing complete, this Order now follows.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

As discussed above, in the July 18, 2025 Order, the Court explained to Plaintiffs that the original Complaint failed to direct any specific factual allegations against the Moving Defendants and improperly relied upon conclusory assertions and *Monell*. In the Amended Complaint, these fundamental deficiencies have not been corrected. Instead, Plaintiffs largely double-down on the same. As a result, for the reasons set forth more fully below, the motion to dismiss is GRANTED.

At their core, Plaintiffs' claims are factually straightforward: after "at least four" prior "raids and inspections", a variety of actors, federal and state, allegedly seized possessions and things of value during a "raid" on Hanley's place of ministry in October 2023. Missing, however, is an allegation that either of the Moving Defendants participated, directly or otherwise, in any of the raids or inspections. Instead, Plaintiffs merely allege that Lopez is the "chief legal officer" and Green is the "Governor" of the State of Hawai'i and, thus, they should have "intervene[d]" to prevent the raids and inspections. *See* Dkt. No. 29 at 16-17. The same is true of the assertions in Plaintiffs' response. *See* Dkt. No. 37 at 9-10, 15 (arguing that Green and Lopez "bear ultimate supervisory responsibility" and "had a duty" simply due to their official positions). In other words, the crux of Plaintiffs' claims against the Moving Defendants is simply the inherent nature of their official positions, along with a continued (misplaced) reliance upon *Monell*. *See* Dkt. No. 29 at 17 (citing *Monell*).[4] The Court has explained that Plaintiffs cannot use *Monell*, a legal standard for holding *municipalities* liable under Section 1983, against *State* officials, such as the Moving Defendants. Neither can Plaintiffs use *Monell* to hold

---

[4]In the Amended Complaint and their response, Plaintiffs also cite *Pembaur*. *See* Dkt. No. 29 at 31; Dkt. No. 37 at 5, 9-10. *Pembaur*, however, is an interpretation and application of the underlying decision in *Monell*. *See Pembaur*, 475 U.S. at 471 (summarizing the issue presented in the case as whether "a decision by municipal policymakers on a single occasion" may satisfy *Monell*). *Pembaur*, therefore, similarly does not provide a basis for any claim against the Moving Defendants.

                                    PageID.364

the Moving Defendants potentially responsible for their non-Section 1983 claims, as they appear to want to do.

Once the Amended Complaint is shorn of its reliance upon *Monell* and the inherent nature of the Moving Defendants' official positions, there is no allegation of specific conduct committed by either of the Moving Defendants against either of the Plaintiffs, as required by the July 18, 2025 Order.  A quick run-down of Plaintiffs' claims and their accompanying theories reveals as much.  First, the Moving Defendants did not "execut[e] a militarized raid" on Care Waialua in violation of the First Amendment.  *See* Dkt. No. 29 at 21.  There is no indication, for instance, that they were present or had any role in the planning of the October 2023 event.  Second, the Moving Defendants did not "subject[] Plaintiffs to searches and seizures … by conducting a militarized raid on Care Waialua" in violation of the Fourth Amendment.  *Id*. at 23.  Third, the Moving Defendants did not "deprive[] Plaintiffs of their property" in violation of the Due Process Clause.  *Id*. at 26.  Fourth, the Moving Defendants did not "seize[]" protected medical records in violation of the Fourteenth Amendment.  *Id*. at 28.[5]  Fifth, the Moving Defendants are not alleged to have acted at all, let alone to have done so in a manner intentionally inflicting emotional distress upon Plaintiffs.  *Id*. at 33-34.  Sixth, the

---

[5] Plaintiffs' fifth claim under RFRA is not alleged against the Moving Defendants.  Dkt. No. 29 at 29.  Plaintiffs' sixth claim under Section 1983 is brought solely under the auspices of *Monell*, *id*. at 30-33, which even Plaintiffs acknowledge can only be used against a municipality, *see id*. at 31.  Therefore, the Court does not further address these claims.

Moving Defendants did not unlawfully seize cannabis, fabricate probable cause, coerce consent, tamper with evidence, suppress religious activity, or "coordinat[e] false narratives about drug trafficking", all of which are alleged to have violated RICO.  *Id*. at 35-36.   Finally, the Moving Defendants did not "engage[] in multiple raids on Care Waialua" in violation of the Double Jeopardy Clause.  *Id*. at 40.

Instead, at best, it is alleged that largely unidentified "agents" from various government agencies did these things.  *Id*. at 6; *see also id*. at 13 (alleging certain "John Doe" actors committed various specific acts during the October 25, 2023 incident).   And, as the Court has now repeatedly explained, the Moving Defendants cannot simply be held responsible for those alleged acts due to the nature of their official positions alone.   As a result, there is no basis for any of the claims in the Amended Complaint to be brought against the Moving Defendants.   Further, there is similarly no basis to allow Plaintiffs leave to amend once again.   Put simply, despite being clearly apprised of the deficiencies with the Complaint in the July 18, 2025 Order, and despite those deficiencies being highlighted in both of the motions to dismiss, Plaintiffs have not attempted to correct the same in any way.   Rather, they have simply plowed ahead with their reliance upon *Monell,* and their penchant for conclusory assertions.   In this light, because there is no reason to expect further amendment will result in a plausible claim, it would be futile and is denied.   The motion to dismiss, Dkt. No. 30, is, therefore, GRANTED without leave to amend.

While this resolves the claims brought against the Moving Defendants, the Amended Complaint also names other Defendants, such as Harahap and Pace. Although summons was issued for both Harahap and Pace on May 22, 2025, Dkt. Nos. 4-5, there is no indication on the docket that either has been served in this action, even though the time to do so has now passed, *see* Fed.R.Civ.P. 4(m) (providing that a plaintiff has "90 days after the complaint is filed" to serve a defendant); *see also Banks v. Strategic Consulting & Forensics, LLC*, 2024 WL 4834956, at *2 (C.D. Cal. Oct. 2, 2024) (citing case law and authority to explain that "amending a complaint does not extend the time to serve process."). The Court, therefore, REFERS the failure to serve the Defendants, other than the Moving Defendants, to the assigned Magistrate Judge for further action. *See* Fed.R.Civ.P. 4(m) (providing that, "on motion or on its own after notice to the plaintiff", a court <u>must</u> dismiss the action without prejudice against any unserved defendant).[6]

---

[6] The Court notes that, while the "Office of Homeland Security" appears named as a distinct defendant in the caption of both the Complaint and the Amended Complaint, Dkt. No. 1 at 1; Dkt. No. 29 at 1, in the "Parties" section of both, the "Office of Homeland Security" does not appear to be listed as a separate defendant, *see* Dkt. No. 1 at 5-6; Dkt. No. 29 at 2-3. The Court, therefore, also REFERS to the Magistrate Judge the issue of whether the "Office of Homeland Security" is a defendant in this action and, if so, whether service has been properly effected.

## **CONCLUSION**

For the reasons stated herein, the motion to dismiss, Dkt. No. 30, is GRANTED and Defendants Green and Lopez are DISMISSED WITH PREJUDICE and without leave to amend.[7]

The failure to serve Defendants other than Green and Lopez is REFERRED to the assigned Magistrate Judge, as set forth herein.

IT IS SO ORDERED.

Dated: September 19, 2025 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[7] Because it is not necessary to the findings made herein, the Court does not address any of the other arguments raised for dismissal in the motion to dismiss.