IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| REVEREND JASON HANLEY and REVEREND HEIDI LEPP,<br><br>          Plaintiffs,<br><br>     v.<br><br>FRANK PACE, *et al.*,<br><br>          Defendants. | Case No. 25-cv-00212-DKW-KJM<br><br>**ORDER GRANTING IN PART DEFENDANT FRANK PACE'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

On July 31, 2025, Plaintiffs Jason Hanley and Heidi Lepp filed an Amended Complaint against, among others, Defendant Frank Pace in his individual and official capacities as the "Homeland Security Administrator for the State of Hawaiʻi". Pace has moved to dismiss all claims against him on multiple grounds, including Eleventh Amendment immunity and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because the Court agrees that the Amended Complaint either fails to adequately allege any relevant participation on Pace's part or otherwise fails to state a claim, the Court GRANTS dismissal of the claims against Pace with limited leave to amend, as explained below.

## RELEVANT BACKGROUND

On July 31, 2025, Plaintiffs filed an Amended Complaint against Defendants Isra Harahap, in his individual and official capacities as the "Acting Unit Chief" for

the U.S. Department of Homeland Security, Josh Green, in his individual and
official capacities as the Governor of Hawai'i, Anne Lopez, in her individual and
official capacities as the Attorney General of Hawai'i, Frank Pace, in his individual
and official capacities as "Homeland Security Administrator" for Hawai'i, the
Office of Homeland Security, and John Does 1-100.[1]   Liberally construing the pro
se Amended Complaint, Plaintiffs allege the following with respect to Pace.

On October 25, 2023, "heavily armed agents" from numerous federal, state,
and municipal law enforcement entities "raid[ed]" Care Waialua, "seiz[ing]" 810
pounds of "sacramental cannabis", religious artifacts, and "patient medical records."
Dkt. No. 29 at 6.[2]   According to Plaintiffs, the October 25, 2023 "raid" was the
latest in "a longstanding pattern of harassment and unauthorized law enforcement
activity targeting Care Waialua," with "at least four" other encounters with law
enforcement occurring between September 2017 and January 2023.   *Id*. at 4-5.

Plaintiffs further allege that Defendant Pace, as the "Homeland Security
Administrator for the State of Hawai'i," "directly authorized, coordinated, and
directed the participation of State of Hawai'i Department of Public Safety (DPS)

---

[1]On September 19, 2025, the Court dismissed with prejudice all claims against Defendants Green
and Lopez.   Dkt. No. 42.   Thus, they are no longer Defendants in this case.   Review of the
record reflects that Defendant Harahap appeared in this action on December 29, 2025.   Dkt.
No. 68.   Review further reflects that, to the extent the "Office of Homeland Security" is an
independent Defendant in this case, it has not been served or appeared.   Finally, none of the John
Doe Defendants have been identified.
[2]Because the paragraphs of the Amended Complaint are not numbered sequentially, the Court cites
to page numbers in the bottom right-corner of the document instead.

personnel and resources" on October 25, 2023.  *Id*. at 9.   In doing so, Pace

"approved the integration and deployment of state and federal agencies" "against a

religious ministry engaged in non-commercial, medically compliant Cannabis

activities…."  *Id*.   Pace is also alleged to have "obtained a 'consent to forfeiture'

document" from Hanley "through coercive means", including "explicit and implied

threats of federal arrest, sustained harassment, the overwhelming and intimidating

presence of heavily armed agents wielding AR-15s, and the desecration of a sacred

altar space…."  *Id*. at 26.   Plaintiffs contend that this conduct rendered Hanley's

"consent involuntary".  *Id*. at 26-27.

Based upon these allegations, the Complaint purports to assert the following

nine causes of action: (1) violation of the Free Exercise Clause of the First

Amendment against all Defendants for "substantially burden[ing]" Plaintiffs'

religion by "executing a militarized raid on Care Waialua"; (2) violation of the

Search and Seizure Clause of the Fourth Amendment against all Defendants for

"subject[ing] Plaintiffs to searches and seizures on October 25, 2023"; (3) violation

of the Due Process Clause of the Fifth Amendment against all Defendants for

"depriv[ing] Plaintiffs of their property, including sacramental cannabis, religious

artifacts, and medical records, without due process of law"; (4) violation of the Due

Process Clause of the Fourteenth Amendment against all Defendants for "violat[ing]

Plaintiffs' and Care Waialua patients' right to privacy" in their "private medical

records"; (5) violation of the Religious Freedom Restoration Act (RFRA) against

Defendant Harahap "and associated federal agents" for "substantially burden[ing]

Plaintiffs' exercise of religion by authorizing or participating in the October 25,

2023[] operation"; (6) violation of 42 U.S.C. Section 1983 against "State

Defendants", who Plaintiffs appear to identify as the "Office of Homeland

Security", Green, and Lopez, for "systematically depriving Plaintiffs of their

constitutional rights"; (7) intentional infliction of emotional distress (IIED) against

all Defendants for causing "severe emotional distress to Plaintiffs"; (8) violation of

the Racketeer Influenced and Corrupt Organizations (RICO) Act against all

Defendants for engaging in a "pattern of racketeering activity", including "unlawful

seizures of medical cannabis", "fabrication of probable cause", and "mail and wire

fraud"; and (9) violation of the Double Jeopardy Clause of the Fifth Amendment

related to a "pattern" of "repeated raids, seizures, and coerced forfeitures".[3]

Plaintiffs seek, among other things, declaratory and injunctive relief, the

return of seized property, the appointment of a "special master" to oversee the return

of medical records, compensatory damages in the approximate amount of $56

million, punitive and treble damages, and "restitution" for "980 patients whose

HIPAA-protected medical records were unlawfully seized[.]"   *Id*. at 43-46.

---

[3]With respect to the ninth claim, unlike the other claims in the Amended Complaint, Plaintiffs do not clearly allege against whom the claim is asserted.   *See* Dkt. No. 29 at 37-43.   The Court thus presumes it is asserted against all Defendants.

On December 4, 2025, Pace moved to dismiss with prejudice all claims asserted against him on numerous grounds.   Dkt. No. 59.   First, Pace argues that both Plaintiffs lack standing to pursue injunctive relief and Lepp lacks standing to even "participate" in this case.   Second, Pace argues that the Eleventh Amendment bars Plaintiffs' official-capacity claims against him and the Office of Homeland Security.   Third, Pace argues that the Amended Complaint fails to satisfy instructions the Court has given Plaintiffs in prior Orders to link the conduct of each Defendant to a claimed injury.   Fourth, with respect to each cause of action, Pace argues that Plaintiffs have failed to state a claim.

On December 22, 2025, Plaintiffs responded to the motion to dismiss.   Dkt. No. 63.   First, Plaintiffs assert that they "each have independent and overlapping Article III standing."   Dkt. No. 63 at 2.   Second, Plaintiffs assert their claims under the First Amendment and the RFRA are "adequately stated."   *Id*. at 4.   Third, they contend that their damages claims against Pace in his individual capacity and injunctive claims against him in his official capacity are "standard".   *Id*. at 5.

On December 29, 2025, Pace filed a "statement" indicating that he would not file an optional reply in support of the motion to dismiss.   Dkt. No. 67.   As a result, with briefing complete, this Order now follows.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require

leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

As observed, Plaintiffs bring claims against Pace in both his official and individual capacities. The Court addresses each set of claims in turn.

## I.    Official Capacity Claims

The Eleventh Amendment to the U.S. Constitution provides as follows: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The U.S. Supreme Court has interpreted this language to prohibit suits against an unconsenting State by citizens of another State, by citizens or subjects of a foreign State, and by a State's "own citizens". *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (quotation omitted). This immunity also generally applies to suits brought against a State's officers in their official capacities. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

Eleventh Amendment immunity, however, has an exception known as the *Ex Parte Young* doctrine.[4]   *Pennhurst*, 465 U.S. at 105.   Specifically, a suit may avoid a State's sovereign immunity if the complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."   *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (quotations omitted). Relief is properly characterized as "prospective" when it "serves directly to bring an end to a present violation of federal law … even though accompanied by a substantial ancillary effect on the state treasury."   *Papasan v. Allain*, 478 U.S. 265, 278 (1986).   In contrast, "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred…."   *Id*.   It is "the substance rather than [] the form of the relief sought" that is determinative.   *Id*. at 279.

Here, the substance of nearly all the relief sought in the Amended Complaint is to remedy alleged past injuries, and, in particular, those caused by law enforcement's October 2023 seizure of Plaintiffs' cannabis, not to address ongoing conduct.   Plaintiffs, for instance, seek declaratory relief that Defendants' *past* actions violated their rights.   Dkt. No. 29 at 43-44.   Plaintiffs also seek various forms of damages for Defendants' alleged *past* conduct.   *Id*. at 44-45.   Plaintiffs further seek injunctive relief barring the Defendants from acting *in the future* in a

---

[4]*Ex Parte Young*, 209 U.S. 123 (1908).

way that may violate their rights.   *Id*. at 44.   In short, Plaintiffs either seek to

remedy alleged injuries in the *past* or request injunctive relief related to hypothetical

future conduct.   They do not seek to enjoin an *ongoing* violation of federal law.

Because the relief they seek, to the extent sought against Pace in his official

capacity, is expressly prohibited by the Eleventh Amendment, Plaintiffs may not

pursue it.   *See Papasan*, 478 U.S. at 279.   For the same reasons, leave to amend is

not warranted, as amendment would be futile.

There are two arguable outliers.   Specifically, in addition to the foregoing,

Plaintiffs also seek the "return" of property seized during the events on October 25,

2023, including alleged "Sacramental Cannabis, religious artifacts", and

"HIPAA-protected medical records".   *Id*. at 44.   In that regard, the Ninth Circuit

Court of Appeals has explained that, when a plaintiff seeks the "return of his

property" from a government official, he may do so without violating principles of

sovereign immunity if a claim falls into one of two limited categories.   *Taylor v.

Westly*, 402 F.3d 924, 933 (9th Cir. 2005) ("(1) it must be based on the public official

having acted beyond his statutory authority (the 'ultra vires exception') or (2) the

plaintiff's theory must be that the action leading to the government's possession of

the property was constitutionally infirm.").   In other words, unlike the other relief

sought in the Amended Complaint, Plaintiffs' requests for the "return" of property

are not categorically barred by principles of sovereign immunity.

9

Nonetheless, Plaintiffs' requests for the return of property are still deficiently pled.   Notably, for purposes of the pending motion to dismiss, it is not clear if the requests are addressed toward Pace—in fact, the requests do not appear to be directed toward *any* particular Defendant at all.   *See* Dkt. No. 29 at 44.   Moreover, even if Pace was the target of the requests, it is equally unclear whether he is an *appropriate* target, given that nowhere in the Amended Complaint is it alleged that Pace or his office ever possessed the property at issue and, thus, might conceivably be in a position to "return" it.[5]

Because Plaintiffs may be able to correct the deficiencies described in the preceding paragraph, leave to amend their official capacity claims against Pace is granted, solely to the extent Plaintiffs seek the return of property allegedly seized during the October 25, 2023 incident.

## II.   Individual Capacity Claims

The Eleventh Amendment does not bar suits against a state official in his individual capacity.   *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).   Therefore, instead of relying on the Eleventh Amendment, Pace argues, among other things, that any claim against him in his individual capacity should be dismissed for failure to state a claim.   For the reasons set forth below, the Court agrees.

---

[5]With respect to the return of "medical records", Plaintiffs seek the appointment of a "Special Master", citing Federal Rule of Civil Procedure 53.   Dkt. No. 29 at 44.   Plaintiffs provide no explanation, however, why such an appointment would be appropriate under Rule 53.

To establish personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 25 (quotation omitted). Plaintiffs, however, have failed to make such a showing. Plaintiffs' claims against Pace rely upon the generalized allegation that he "directed" personnel to "participat[e]" in the October 25, 2023 incident and "approved the integration and deployment of state and federal agencies…." Dkt. No. 29 at 9. In other words, Plaintiffs assert that Pace was in charge of some element of a process that may have involved the October 25, 2023 incident. This is plainly insufficient under governing law. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). Moreover, as Pace points out in his motion to dismiss, Dkt. No. 59-1 at 10, this is not the first time Plaintiffs have been advised of the need to link *specific* conduct of a Defendant, such as Pace, to a *specific* injury, deprivation, or legal wrong they have allegedly incurred. Plaintiffs have been advised of these basic requirements on two occasions by this Court, *see* Dkt. No. 28 at 8-12, Dkt. No. 42 at 10-13, the latter of which resulted in the dismissal with prejudice of Defendants Green and Lopez.

Only once do Plaintiffs even come close to meeting this obligation, at least with respect to Pace. In their third claim, Plaintiffs allege that their Fifth and Fourteenth Amendment rights to procedural due process were violated when

property, including "sacramental cannabis, religious artifacts, and medical records",

was seized on October 25, 2023.   Dkt. No. 29 at 26.   They further allege that Pace

obtained Hanley's "consent to forfeiture … through coercive means…."[6]

Even if true, however, the allegation only takes Plaintiffs so far, given that

consent only matters if there was no warrant.   As Plaintiffs acknowledge, the

October 25, 2023 search and seizure occurred pursuant to a warrant.   Dkt. No. 29 at

13-14; *see also* Dkt. No. 23 at 1-2 (requesting the recusal from this case of a U.S.

Magistrate Judge due to the Magistrate Judge "authoriz[ing] the federal search and

seizure warrant executed on October 25, 2023 at issue in this case….").   It is true

that Plaintiffs allege that the warrant here was not "valid" and did not "specifically"

authorize the seizure of "religiously and medically used cannabis."   Dkt. No. 29 at

13-14.   The Amended Complaint, however, provides no *factual* allegations to

support these conclusory assertions.   For example, there are no factual allegations

at all regarding why the warrant that apparently issued from this Court was invalid.

And, beyond Plaintiffs' say-so, there are no factual allegations suggesting that the

warrant did not authorize the seizure of property Plaintiffs now demand be returned.

The same is true of Plaintiffs' assertion that, following the seizure, someone failed to

"ensure that any post-deprivation remedies were sufficient…."   *Id*. at 26.   Beyond

---

[6]*See* Dkt. No. 29 at 26 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (explaining
that a search conducted pursuant to consent is an "established exception[] to the requirements of
both a warrant and probable cause")).

this parroting of a legal conclusion, there is not a single factual allegation in the

Amended Complaint concerning any "post-deprivation remedies" afforded

Plaintiffs, let alone ones related to Pace's conduct.   Therefore, this claim does not

satisfy Rule 12(b)(6), just like all of Plaintiffs' other claims against Pace in his

individual capacity.

　　The remaining question is whether Plaintiffs should be afforded leave to

amend the individual capacity claims against Pace.   As mentioned earlier, Plaintiffs

have received notice from prior Orders in this case that they must allege *specific*

*factual* allegations against *each* Defendant in this action.   They have consistently

failed to follow this instruction—instead, simply insisting that their allegations are

"proper".   *See* Dkt. No. 63 at 5.   Nonetheless, because Plaintiffs are proceeding

without counsel and to provide crystal clarity on the scope of this (and other) Orders,

the Court will allow leave to amend.

　　In that regard, as the Court has directed in the past, **for each claim and for**

**each defendant**, Plaintiffs must write short, plain statements of: (1) the legal right

they believe was violated; (2) the name of the specific defendant(s) who violated

that right; (3) exactly what each defendant did or failed to do and when; (4) how the

action or inaction of that defendant is connected to the violation of the legal right;

and (5) what specific injury each Plaintiff suffered because of the defendant's or

defendants' conduct.   **Plaintiffs must repeat this process for each right and each**

**person or entity named as a defendant.**   If Plaintiffs fail to affirmatively link the

conduct of each defendant with the specific injury suffered, the pertinent claim will

be dismissed for failure to state a claim.   **The Court will not permit leave to**

**amend again to correct the deficiencies identified in this or any other**

**Order—irrespective of whether any particular Defendant has moved for**

**dismissal in the past.**[7]

## CONCLUSION

For the reasons stated herein, the motion to dismiss, Dkt. No. 59, is

GRANTED IN PART.[8]   Plaintiffs may have until February 25, 2026 to file a

second amended complaint to the extent permitted herein.   Should Plaintiffs fail to

file a timely second amended complaint, Pace and the Office of Homeland Security

will be dismissed from this action with prejudice.

IT IS SO ORDERED.

Dated: February 11, 2026 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

[7]In a prior Order, the Court noted that, while the "Office of Homeland Security" appeared to be named as a distinct defendant in the caption of both the Complaint and the Amended Complaint, in the "Parties" section of both pleadings, the "Office of Homeland Security" was *not* listed as a separate defendant.   Dkt. No. 42 at 14 n.6.   Plaintiffs' intentions remain unclear: specifically, whether any of Plaintiffs' claims are asserted against the "Office of Homeland Security", as opposed to Pace in his official capacity as the purported "Administrator" of that entity.   *See* Dkt. No. 29 at 1, 3.   In any second amended complaint to be filed, Plaintiffs are directed to clearly indicate whether the "Office of Homeland Security" is a distinct Defendant in this action.   Should Plaintiffs fail to do so or otherwise fail to clearly assert a claim against the "Office of Homeland Security", that entity will be dismissed from this action for failure to state a claim.
[8]Because it is unnecessary to this Order, the Court does not address any of the other arguments raised for dismissal in Pace's motion to dismiss.   Pace may assert those and any other appropriate argument in response to any second amended complaint.