IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| REVEREND JASON HANLEY and REVEREND HEIDI LEPP,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK PACE, *et al.*,<br><br>Defendants. | Case No. 25-cv-00212-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART DEFENDANT FRANK PACE'S MOTION TO DISMISS, AND (2) DISMISSING PACE FROM THIS ACTION WITHOUT FURTHER LEAVE TO AMEND** |

On February 11, 2026, the Court granted in part Defendant Frank Pace's motion to dismiss and dismissed with leave to amend Plaintiffs Jason Hanley and Heidi Lepp's First Amended Complaint (February 2026 Order). Plaintiffs were permitted leave to amend (1) official capacity claims against Pace concerning the return of personal property, and (2) individual capacity claims against Pace arising out of an alleged law enforcement "raid" on Plaintiffs' "Cannabis ministry" in October 2023. In doing so, the Court explained that these claims were deficiently pled because, among other things, (1) it was not even clear Pace had ever possessed the relevant personal property, much less continued to do so; and (2) Plaintiffs failed to allege how a warrant authorizing the search of Plaintiffs' property was invalid. Plaintiffs were also instructed to clarify whether the "Office of Homeland Security" was a distinct defendant in this action.

On February 25, 2026, Plaintiffs filed a Second Amended Complaint (SAC) against Pace "solely in his official capacity as Homeland Security Administrator for the State of Hawai'i…."  Plaintiffs now assert a single claim against Pace for the return of seized property under the Fourth and Fourteenth Amendments of the U.S. Constitution.   Pace has moved to dismiss the SAC with prejudice, arguing, among many things, that the Eleventh Amendment bars this suit against him in his official capacity.

For the reasons set forth more fully herein, the Court agrees that the single claim in the SAC is barred under the Eleventh Amendment.   In particular, although Plaintiffs arguably allege that Pace possesses, and thus may be able to return, the property in question, they have failed to plausibly allege, other than through conclusory legal assertions, a valid claim for return of property.   In other words, because Plaintiffs have failed to allege the basis for the only potentially applicable exception to Pace's Eleventh Amendment immunity, he must be dismissed from this action.   Further, because Plaintiffs have been provided prior guidance in this respect, dismissal is without leave to amend and without prejudice.   In short, the motion to dismiss, Dkt. No. 81, is GRANTED IN PART as set forth below.

# RELEVANT BACKGROUND[1]

The February 2026 Order addressed Pace's motion to dismiss official and individual capacity claims asserted against him in the First Amended Complaint. Dkt. No. 76.   With respect to the official capacity claims, the Court explained that, ordinarily, the Eleventh Amendment barred such claims against an official of a State, such as Pace, in his official capacity.   The Court observed, however, that an exception to this principle existed for claims targeted toward *ongoing* violations of federal law, such as a claim for the *return* of property seized allegedly without authority or in violation of the Constitution.

With this in mind, the Court dismissed without leave to amend all official capacity claims against Pace that were directed toward past or hypothetical future conduct.   As for Plaintiffs' claims for the return of alleged religious property and medical records, while possibly not barred by the Eleventh Amendment, the Court dismissed the same for failure to allege Pace's involvement with any of the relevant property.   Dismissal, however, was with leave to amend because the above-described deficiency, of which Plaintiffs had not previously been apprised, was potentially correctable.

---

[1]The Court assumes the reader's familiarity with the Background of this case set forth in prior Orders.   Dkt. Nos. 28 at 2-6, 42 at 3-9, 76 at 1-5.   The Background section herein, therefore, begins with the February 2026 Order.

The Court also dismissed Plaintiffs' claims against Pace in his individual capacity, explaining that the First Amended Complaint failed to allege any specific facts indicating that Pace violated their federal rights, but instead, relied upon general and/or conclusory assertions of wrongdoing. The Court further observed that, with respect to a claim that Pace "coerc[ed]" Hanley's consent to forfeiture, Plaintiffs ignored the fact that the search and seizure occurred pursuant to a court-issued warrant, which they also only challenged with conclusory assertions of invalidity. Although Plaintiffs had been advised in prior Orders of the requirement for specific factual allegations against each Defendant, the Court granted leave to amend the individual capacity claims against Pace and any other Defendant, should Plaintiffs choose to do so. The Court also forewarned that leave to amend this or any other deficiency previously highlighted would not be allowed again. Finally, the Court advised Plaintiffs to clarify whether the claims against Pace in his official capacity were solely against Pace or also intended to be brought against an entity identified in the First Amended Complaint as the "Office of Homeland Security".

On February 25, 2026, Plaintiffs filed the Second Amended Complaint (SAC), Dkt. No. 79, which is now the operative pleading in this case, *see* Dkt. No. 95.[2] In the caption, the SAC identifies Pace and Isra Harahap, the "Acting Unit

---

[2]Plaintiffs' assertion in the SAC—that the same "incorporate[s] by reference all allegations" in prior pleadings, including "the original Complaint [and] First Amended Complaint"—is, therefore, wrong. The SAC is a standalone pleading that may not "incorporate by reference" any prior pleading. *See, e.g., Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)

4

Chief" of the U.S. Department of Homeland Security, as the only Defendants, both in their "official capacities".   Dkt. No. 79 at 1.   The "Parties" section of the SAC, however, identifies only Pace, "solely in his official capacity", as a Defendant.   *Id*. at ¶ 4.[3]   The SAC asserts a single claim: for the return of property allegedly seized in violation of the Fourth and Fourteenth Amendments.   *Id*. at 7-9.   This claim, consistent with the "Parties" section of the SAC, is asserted solely against Pace in his official capacity.   *Id*.[4]

As to this sole remaining claim, the SAC alleges the following.   On October 23, 2025, a "raid targeted Care Waialua"—a "religious ministr[y]" and "Sacramental medical Cannabis collective" that Plaintiffs led.   Dkt. No. 79 at ¶¶ 3, 5.   Pace "directly authorized, coordinated, and directed" the participation of personnel and resources of the State of Hawai'i Department of Public Safety during the raid.   *Id*. at ¶ 5.   In doing so, Pace "seized" 810 pounds of "Sacramental Cannabis", "religious tools, artifacts and objects", and "HIPAA-protected medical records of [approximately] 980 patients".   *Id*. at ¶ 6.   Pace has "possession,

---

("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quotation omitted).

[3]At the very least, therefore, the SAC clarifies that the "Office of Homeland Security", as identified in prior complaints, is <u>not</u> a defendant to this action.

[4]Plaintiffs have, therefore, evidently elected not to pursue in the SAC their previously alleged claims against Pace in his individual capacity.   As a result, the individual capacity claims against Pace have been waived.   *See Lacey v. Maricopa Cty*., 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

custody, chain of command, control or knows the location of the seized property."
*Id*. at ¶ 8.   Plaintiffs assert that the above-alleged seizure was "constitutionally infirm" and "the warrant lacked probable cause or evidence of any crime…."   *Id*. at ¶ 9.   "Alternatively, Pace…acted ultra vires: coordinating seizure exceeded authority under Hawaii law and federal spending restrictions."   *Id*.   Plaintiffs contend that the "continued retention" of the above-alleged property violates the Fourth and Fourteenth Amendments because it "imposes a substantial burden on religious exercise" and "unreasonably intrudes on Plaintiffs' possessory, religious, and privacy interests."   *Id*. at ¶¶ 15, 19.   Plaintiffs state that they seek "solely prospective injunctive relief" directing Pace to "immediately return all seized property".   *Id*. at ¶ 21, p. 9.

On March 11, 2026, Pace moved to dismiss the SAC with prejudice on numerous grounds under Federal Rules of Civil Procedure 12(b)(1) and (6).   Dkt. No. 81.   First, Pace argues that Plaintiffs have failed to allege their ownership of the "seized" property and, thus, they lack standing to pursue relief related to the same. Second, Pace argues that the Eleventh Amendment bars suit against him in his official capacity because the relief sought is "retrospective[]", he did not act beyond his statutory authority, and the seizure was not constitutionally infirm.   Third, Pace argues that he is the "wrong defendant in this matter" because he lacks the "relevant enforcement authority" to carry out any injunctive relief awarded.   Fourth, Pace

6

argues that Plaintiffs have failed to state a claim under the Fourth and Fourteenth Amendments.

On May 18, 2026, Plaintiffs filed an opposition to the motion to dismiss. Dkt. No. 87. First, Plaintiffs argue that they have standing to pursue this action because they have alleged "interest in the [seized] materials as religious practitioners." Second, Plaintiffs argue that retention of the seized property "substantially burdens" their exercise of religion. Third, Plaintiffs argue that they seek prospective relief against Pace. Fourth, Plaintiffs argue that "discovery" is necessary to determine whether Pace has custody of the seized property.

On May 22, 2026, Pace filed a reply in support of the motion to dismiss. Dkt. No. 90. With briefing complete, this Order now follows.

## STANDARD OF REVIEW

Pace moves under both Rule 12(b)(1) and Rule 12(b)(6). A challenge to the Court's subject matter jurisdiction is brought under Rule 12(b)(1). When a defendant moves to dismiss under Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted).

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with

7

Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem.*

*Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## **DISCUSSION**

As mentioned, in the SAC, Plaintiffs bring a single claim against Pace in his official capacity for the return of property allegedly seized in violation of the Fourth and Fourteenth Amendments.   Because the February 2026 Order sets forth the legal framework for such a claim, Dkt. No. 76 at 7-9, it is not necessary to repeat the same in detail.   Succinctly, as a State official, Pace generally has immunity from a claim against him in his official capacity, such as the only one brought in the SAC. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).   An exception may exist, however, when a litigant seeks the return of his or her property and alleges either (1) the official acted beyond his statutory authority, or (2) the government's possession of the property was constitutionally infirm.   *Taylor v. Westly*, 402 F.3d 924, 933 (9th Cir. 2005).

Plaintiffs attempt to pursue both paths in the SAC.   Specifically, they assert that the seizure of the property was "constitutionally infirm", and Pace acted "ultra vires" or in excess of his authority.   Dkt. No. 79 at ¶ 9.   The problem, however, is that Plaintiffs allege no *facts* to plausibly support these otherwise conclusory assertions.   With respect to constitutional infirmity, Plaintiffs merely assert that a

9

court-issued "warrant lacked probable cause or evidence of any crime".   *Id*. at ¶ 9.

Plaintiffs, however, never say why.   There are no factual allegations in the SAC,

for instance, to support this assertion.   In fact, other than the above-quoted passage,

the "warrant" is not mentioned again in the entire SAC, let alone any allegations

pertaining to its purported invalidity.   The SAC, thus, fails to allege that the seizure

was "constitutionally infirm".   As for statutory authority, the SAC provides even

less information, merely parroting that the seizure "exceeded authority under Hawaii

law and federal spending restrictions."   *Id*.   Again, no facts are alleged to support

this assertion.   Therefore, it too fails.

Further, as explained above, Plaintiffs have been apprised of the deficiencies

in their prior pleadings, expressly including the deficiencies with respect to their

return-of-property claim and the need to allege specific facts against a specific

defendant.   The SAC fails to cure these deficiencies in any way.   Instead, the SAC

continues Plaintiffs' reliance upon conclusory assertions of wrongdoing.   Because

the Court has provided Plaintiffs with more than ample opportunity to cure the same,

and they have failed to do so, they are not entitled to further leave to amend their

claim against Pace.

Accordingly, because Plaintiffs have failed to allege a valid exception to

Pace's Eleventh Amendment immunity, he must be dismissed from this action.   In

addition, because Plaintiffs have failed to cure the previously highlighted

10

deficiencies with their official capacity claim against Pace, dismissal, this time, is without leave to amend.   Dismissal, however, is *without* prejudice because the Ninth Circuit has explained that the "Eleventh Amendment is a limit on federal courts' jurisdiction[]" and "[d]ismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court."   *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (instructing a district court to "modify its decision" such that the dismissal of a claim on Eleventh Amendment grounds was without prejudice) (quotation and ellipsis omitted).

## CONCLUSION

For the reasons stated herein, the motion to dismiss, Dkt. No. 81, is GRANTED IN PART.[5]   Defendant Frank Pace is DISMISSED from this action without leave to amend.   The claim asserted in the SAC against Pace in his official capacity is dismissed without prejudice.   All other claims against Pace, including those in his individual capacity, have been waived.

IT IS SO ORDERED.

Dated: June 26, 2026 at Honolulu, Hawai'i.

_____
Derrick K. Watson
Chief United States District Judge

---

[5]Because it is unnecessary, the Court does not address Pace's other arguments for dismissal of the SAC.